Argued and submitted January 25, affirmed July 20, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HOWARD MARK JAFFE,
*Defendant-Appellant.*

Clackamas County Circuit Court
08T16092; A142114

258 P3d 1293

Richard E. Oberdorfer argued the cause and filed the brief for appellant.

Ryan Mack, Certified Law Student, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, Patrick M. Ebbett, Assistant Attorney General, and Randall Szabo, Certified Law Student.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of speeding. He appeals, assigning error to the trial court's admission of scientific evidence of defendant's speed derived from measurements and calculations made with a light detection and ranging (lidar) device, because the state failed to establish an adequate foundation for admission of the evidence. Defendant also assigns error to the trial court's denial of his motion for judgment of acquittal. While this appeal was pending, this court decided *State v. Branch*, 243 Or App 309, 259 P3d 103 (2011), and concluded that lidar evidence for measuring distance is admissible scientific evidence. Because we conclude that the reasoning in *Branch* applies to this case, we affirm.

In *Branch*, we concluded that the scientific principles and the means of applying those principles to the lidar device "are so clearly apt for the end of measuring distances that those principles and their use for that purpose are indisputably valid." *Id.* at 320. Accordingly, we held that the admission of evidence derived from the lidar device presented a "clear" case under *State v. O'Key*, 321 Or 285, 899 P2d 663 (1995), and, consequently, that the state was not required to present foundational evidence to satisfy the *O'Key* multifactor test in order to establish the admissibility of the evidence.

The only difference between *Branch* and this case is what the lidar devices were measuring: distance as compared to speed. However, the underlying scientific principles are the same for both. *See* Mark Fischetti, *Working Knowledge: Radar Guns*, Sci Am, Mar 2001, at 76, 77. Therefore, the holding in *Branch* is controlling in this case, and the trial court did not err in admitting the evidence or in denying defendant's motion for judgment of acquittal.

Affirmed.