No. 109　　　February 12, 2025　　　849

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT LEROY DOWNS,
*Defendant-Appellant.*

Benton County Circuit Court
23VI50811; A182015

Joan E. Demarest, Judge.

Submitted January 14, 2025.

Kevin T. Lafky argued the cause for appellant. Also on the brief was James P. Francis and Lafky & Lafky.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals from a judgment of conviction for speeding in a school zone, in violation of ORS 811.111. In two assignments of error, defendant contends that there was insufficient evidence to support a determination that he was driving 50 miles per hour within the school zone and that the court plainly erred in admitting radar evidence without requiring the state to lay a sufficient foundation for scientific evidence. Deferring to the trial court's credibility findings, *State v. Hall*, 166 Or App 348, 361, 999 P2d 509 (2000), reviewing "the evidence in the light most favorable to the state [and] determin[ing] whether any rational trier of fact could have found that the essential elements of the violation have been proved by a preponderance of the evidence," *State v. Bainbridge*, 230 Or App 500, 502, 216 P3d 338 (2009) (internal quotation marks omitted), we affirm.

After receiving a citation for violating ORS 811.111, defendant proceeded *pro se* at trial. He testified and presented evidence that he drove approximately 25 miles per hour in the school zone and only accelerated to 50 after the school zone ended. The law enforcement officer who cited defendant also testified and provided radar evidence. The officer stated that his radar determined defendant was traveling 50 and 51 miles per hour within the school zone, and that the radar evidence was consistent with his own observations. Noting that "credibility" and "the details" were important, the trial court determined the state met its burden of proof and found defendant guilty of the traffic violation.

We address defendant's second assignment of error—concerning admissibility of radar evidence—before addressing his first assignment of error about whether there was sufficient evidence to support a conviction. Defendant's argument about the inadmissibility of the radar evidence was not raised at trial and is unpreserved. He contends that the trial court plainly erred in admitting the radar evidence without an adequate foundation for scientific evidence. There was no plain error. We have previously held that the scientific validity of lidar evidence, which uses "nearly identical" "scientific principals and methodologies" as radar evidence,

is "clear[]" and "indisputably valid," *State v. Branch*, 243 Or App 309, 320, 320 n 11, 259 P3d 103, *rev den*, 351 Or 216 (2011), and, therefore, admission of such evidence does not require foundational evidence to satisfy the *O'Key* multifactor test. *State v. Jaffe*, 244 Or App 453, 454, 258 P3d 1293 (2011). To the extent that defendant argues that the officer did not lay a sufficient foundation to *authenticate* the radar evidence under OEC 901, that argument also fails. "OEC 901(1) only requires the proponent of evidence to make a '*prima facie* showing' of authenticity before the question whether the evidence is what it purports to be can go to the ultimate finder of fact," *State v. H. D. E.*, 304 Or App 375, 383, 467 P3d 771, *rev den*, 367 Or 220 (2020), as was accomplished by the officer's testimony, including that he had tested his radar about an hour before using it to measure the speed of defendant's vehicle within the school zone. Thus, the trial court did not err, plainly or otherwise, in admitting evidence related to the officer's radar readings.

Turning to defendant's first assignment of error and assuming without deciding whether it is preserved, we conclude there is sufficient evidence in the record to support defendant's conviction. The trial court credited the officer's testimony that defendant was within the school zone when he was observed visually and by radar to be traveling 50 and 51 miles per hour. We conclude that that evidence is sufficient and that we are bound by the trial court's credibility findings. Therefore, the trial court did not err.

Affirmed.